

U.S. Department of Justice
S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600          (503) 727-1000
Portland, OR 97204-2902                  Fax (503) 727-1117

AUSA Ryan W. Bounds                      Desk (503) 727-1141

October 21, 2013

Ron Hoevet, Esq.
Hoevet, Boise & Olson, PC
1000 SW Broadway, Suite 1500
Portland, Oregon 97205

    Re:    *United States v. Steven M. Cyr*
           Case No. 3:13-CR-00165-MO

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count Two of the Indictment, which charges him with willfully making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(1).

3. **Penalties**: The maximum sentence for the offense charged in Count Two is 3 years' imprisonment, a fine of $250,000, and 1 year of supervised release, in addition to a mandatory $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of his guilty plea or to explain to the Court why this cannot be done.

4. **Dismissal of Remaining Charge**: Upon defendant's conviction pursuant to this agreement, the USAO shall dismiss Count One of the Indictment and shall forgo additional charges against defendant in the District of Oregon arising out of this investigation, insofar as they are known to the USAO as of the date and time of this letter.

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Ron Hoevet, Esq.
October 21, 2013
Plea Offer in re *U.S. v. Steven M. Cyr* - Page 2

---

6. **Relevant Conduct:** The parties agree that defendant's relevant conduct involved his willfully claiming unlawful deductions on tax returns subscribed under penalty of perjury for calendar years 2006 and 2007, resulting in a total tax loss of more than $30,000 but not more than $80,000 and thus an offense level of 14 pursuant to USSG § 2T1.1(a)(1), (c)(1) and USSG § 2T4.1. The parties agree that defendant's conduct through the date of this letter did not involve sophisticated means for purposes of USSG § 2T1.1(b)(2), the use of a special skill for purposes of USSG § 3B1.3, or a willful effort to obstruct or impede the investigation of this case for purposes of USSG § 3C1.1.

7. **Acceptance of Responsibility:** Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in his offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Low-End Recommendation:** If defendant enters a timely plea of guilty and accepts responsibility as described in paragraph 7, *supra*, the USAO agrees to recommend that the Court impose a sentence at the low end of the advisory Sentencing Guidelines range.

9. **Restitution:** The recommendations described in paragraphs 7–8, *supra*, are also conditioned upon defendant's agreement to restitution and compliance with Title 18, United States Code, Section 3664(d)(3) (financial affidavit, Mandatory Victims Restitution Act).

    **A. Disclosure of Financial Information:** Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, to sign that form under penalty of perjury, and to provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

    **B. Credit Report:** Defendant expressly authorizes the USAO to obtain a credit report on him. Defendant agrees to provide waivers, consents, and releases as requested by the USAO to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

Ron Hoevet, Esq.
October 21, 2013
Plea Offer in re *U.S. v. Steven M. Cyr* - Page 3

---

**C. Potential Breach:** Defendant's failure timely and accurately to complete and to execute the financial statement as described in subparagraph A, *supra*, as well as any update thereto, may constitute a failure to accept responsibility under USSG § 3E1.1 and be deemed a material breach of this agreement.

**D. Transfer of Assets:** Prior to sentencing, defendant agrees to notify the Financial Litigation Unit of the USAO before the defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

**E. Restitution Amount:** The USAO and defendant agree that the preponderance of evidence supports a finding that the Internal Revenue Service's losses resulting from defendant's relevant conduct, and thereby subject to restitution, amounted to $72,151.

**F. Restitution Schedule:** The Court shall order restitution to the victims in the full amount of their losses as required by law and determined by the Court. Defendant agrees that, while the Court sets the payment schedule, this schedule may be exceeded whenever defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

10. **Additional Departures, Adjustments, or Variances:**

   A.   Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for any such departure, adjustment, or variance shall be limited to the factors set forth in 18 U.S.C. § 3553.

   B.   Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Tuesday prior to the week during which the sentencing hearing is scheduled. Defendant stipulates that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

11. **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except

Ron Hoevet, Esq.
October 21, 2013
Plea Offer in re *U.S. v. Steven M. Cyr* - Page 4

---

for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant expressly agrees that this waiver shall remain effective in the event that the USAO alters its sentencing recommendation as provided in paragraphs 7-8, *supra*, or if defendant breaches this agreement as described in paragraph 14, *infra*.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or the presentence investigation report (PSR). Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR-writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: It is expressly understood and agreed by the parties that, in addition to any violation of the terms herein stated, it shall constitute a material breach of this Plea Agreement by defendant if he, after executing this agreement, commits any further crime or violates any condition of release or supervision imposed by the Court (whether or not such crime or violation results in new charges or revocation of release or supervision).

If defendant breaches this agreement, the USAO shall be relieved of any obligation under this agreement, but defendant may not withdraw any guilty plea or his waiver of appeal and post-conviction relief as described in paragraph 11, *supra*.

15. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Ron Hoevet, Esq.
October 21, 2013
Plea Offer in re *U.S. v. Steven M. Cyr* - Page 5

16. **Deadline**: This plea offer expires if not accepted by October 23, 2013, at 10:30 a.m.

Very truly yours,

S. AMANDA MARSHALL
United States Attorney

RYAN W. BOUNDS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/23/13
Date

Steven M. Cyr
Defendant

I am legal counsel for defendant. I have carefully reviewed and discussed every part of this plea offer with defendant. To my knowledge defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

10/23/13
Date

Ron Hoevet, Esq.
Attorney for Defendant